**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

MARVIN AMERSON,                                                                                       PLAINTIFF
REG. #13018-076

v.                                             2:11-cv-00130-BSM-JTK

T. C. OUTLAW, et al.                                                                                  DEFENDANTS

**ORDER**

This matter is before the Court on Plaintiff's Motions to Compel responses to discovery requests submitted to Defendants Outlaw and Smith (Doc. Nos. 87, 93). Defendants filed Responses in opposition to the Motions (Doc. Nos. 97, 98). In their Responses, Defendants note that Plaintiff failed to comply with FED.R.CIV.P. 37(a)(1) prior to filing his Motions, which requires that a party include a certification that he conferred with the opposing party in a good faith effort to obtain the requested documents without court action. Defendants also state Plaintiff failed to contact them with his concerns prior to filing the present Motions, and that they forwarded their responses to his discovery requests on September 5, 2012.

      **A.**      **Motion to Compel (Doc. No. 87)**. At issue in the first Motion to Compel are several requests for production of documents, as follows:[1]

**Request No. 1** - complaints submitted by other inmates concerning a black mold problem in the FCI-medium facility. Defendants state they failed to locate any complaints following a search of their data base for complaints filed during the relevant time period and concerning the specific housing unit.

---

[1] The Court also notes that Plaintiff does not explain in his Motions why he objects to the requests which were responded to by the Defendants, why their responses are insufficient, or why the information objected to by them is necessary for the prosecution of this action.

1

The Court accepts Defendants' response with respect to this request, noting that they should supplement their response with any subsequently-discovered complaints.

**Request No. 3** - grievances filed by inmates concerning the mold problem. Defendants state they found only one such grievance and provided it to Plaintiff.

The Court accepts Defendants' response with respect to this request.

**Request No. 4** - results of mold testing. Defendants state they provided the mold testing results to the Plaintiff.

The Court accepts the Defendants' response.

**Request No. 5** - copies of civil complaints filed in state and federal court by FCI-Forrest City employees with respect to the black mold problem. Defendants state they are not able to track this information and/or to provide it to the Plaintiff.

The Court accepts the Defendants' response.

**Request No. 8** - names, register numbers and date of deaths of inmates at Forrest City-Low and Medium facility. Defendants state they provided this information to Plaintiff with respect to inmates who passed away during the stated time frame.

The Court accepts the Defendants' response.

**Request Nos. 9 and 10** - free copies of Plaintiff's medical records. Defendants state they provided such, and provide proof of Plaintiff's receipt (Doc. No. 98-1, p. 11).

The Court accepts the Defendants' response.

**Request No. 11** - a full and complete body exam of Plaintiff. Defendants objected to this, and note that this Court denied Plaintiff's Motions for physical and mental examinations.

The Court accepts the Defendants' response. See October 1, 2012 Order (Doc. No. 96).

**Request No. 14** - copies of photographs taken by Defendants. Defendants respond that the photographs were taken at the request of their attorney while touring the facility and object to providing them to the Plaintiff as attorney work product.

The Court accepts the Defendants' response.

**Request No. 16** - identities of the two attorneys who toured the facility. Defendants respond that only one attorney toured the facility and that they provided her identity to Plaintiff.

The Court accepts the Defendants' response.

**Request No. 17** - evidence that black mold presently exists throughout the twelve housing units and other departments at FCI-Forrest City. Defendants object to any such information as not relevant to the time period set forth in Plaintiff's lawsuit and to the time period in which Defendants Smith and Outlaw were present at the facility.

The Court accepts the Defendants' response.

**Request No. 18** - FCI rules, regulations, or policies regarding the exposure of inmates to mold. Defendants respond that they are not aware of any such rules, regulations or policies.

The Court accepts the Defendants' response.

**B.     Motion to Compel (Doc. No. 93).** In this Motion, Plaintiff objects to Defendants' response to his request for copies of civil complaints filed in state and federal courts. He does not, however, state why Defendants' response should not be accepted by this Court or how such information is necessary for the prosecution of this action. Therefore, this request will be denied.

He also references his request for documents related to the filing of complaints with the Employee's Union at FCI-Forrest City regarding the exposure of toxic mold. Defendants respond that they provided him with copies of the only employee grievance which was filed, and that they

are not able to understand much of Plaintiff's request.[2]

Since Defendants responded to Plaintiff's request by providing documents relevant to the only grievance filed, the Court accepts their response. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motions to Compel (Doc. Nos. 87, 93) are DENIED.

IT IS SO ORDERED this 12th day of October, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's request is for "all copies reports, checks, filed demotion, filed criminal prosecution for gross negligence filed by FCI Forrest City Maintenance Foreman, Billy Phillips, resulting in the injuries for any and all parties acting on behalf of the Agency." (Doc. No. 93, p. 2).